**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Brian Daley,<br><br>                           Plaintiff,<br><br>      -v-<br><br>Nassau County Sheriff's Department; *et al*.,<br><br>                     Defendants. | 2:25-cv-07052<br>(NJC) (SIL) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Brian Daley, proceeding pro se, initiated this action with the filing of Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Sheriff's Department ("NCSD"), Nassau County Sheriff Anthony LaRocco, Richard V. Kanter, Esq., Chad Young, Neko Investments, LLC ("Neko"), Deputy Sheriff J. Pratt, Navy Federal Credit Union ("NFCU"), and Judge Joseph Patrick Whyte (collectively, "Defendants") together with the filing fee. (*See* Compl., ECF No. 1; Filing Fee, ECF No. 4.)[1] Daley presented summonses for the Defendants other than NFCU, and those summonses were issued by the Clerk of the Court. (Prop. Summonses, ECF No. 3; Issued Summonses, ECF No. 5.) On March 19, 2026, Daley filed a return of service for the NCSD, LaRocco, Pratt, and Judge Whyte. (*See* Summons Ret., ECF No. 7.)

Upon review of the returns of service, it is apparent that service upon NCSD, LaRocco, Pratt, and Judge Patrick does not comport with the requirements of Rule 4 of the Federal Rules of Civil

---

[1] Daley also filed a motion for a preliminary injunction (ECF No. 2), which the Court denied without prejudice on January 28, 2026, after affording Daley two opportunities to file proof of service with the Court. (*See* Elec. Order, Jan. 28, 2026 (citing Elec. Orders, Dec. 24, 2025 and Jan. 15, 2026).)

Procedure. (*See id.*; *see also* Fed. R. Civ. P. 4.) For the reasons that follow, the Complaint is dismissed without prejudice in accordance with Federal Rule of Civil Procedure 4(m).

## BACKGROUND

On December 23, 2025, Daley filed a Complaint pursuant to Section 1983 against the Defendants together with the filing fee and a motion seeking a preliminary injunction. (*See* ECF Nos. 1, 2, 4.) Daley also presented a summons for each of the Defendants other than NFCU and, the summonses were issued on December 23, 2025. (ECF Nos. 3, 5.) On December 24, 2025, the Court ordered Daley to file proof of service of the Complaint, the motion for a preliminary injunction, and the Court's Order in accordance with Rule 4 by December 30, 2025. (Elec. Order, Dec. 24, 2025 ("Plaintiff must also ensure that Defendants are served with the Summons and Complaint in a manner consistent with Rule 4 of the Federal Rules of Civil Procedure.").) The Court also ordered that any opposition to the motion for a preliminary injunction be filed by January 13, 2026. (*Id.*)

After the expiration of the December 30, 2025 deadline for filing proof of service, in the absence of any communication from Daley, on January 12, 2026, the Court ordered that Daley comply with Rule 4(m)'s service deadline of March 23, 2026, and cautioned that failure to do so, absent a showing of good cause, would result in dismissal of the Complaint without prejudice. (*See* Order, ECF No. 6 (citing Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . .").) In addition, after the expiration of the January 13, 2026 deadline for Defendants' response to the motion for a preliminary injunction, on January 15, 2026, the Court issued an Order noting that Daley had

2

"not filed any proof indicating that Defendants have received notice of this action, nor have Defendants entered an appearance in this action. The deadline for Defendants to file any response to the motion for a preliminary injunction passed on January 13, 2026 without any filing from Defendants." (Elec. Order, Jan. 15, 2026.) In an abundance of caution and in light of Daley's pro se status, the Court extended the deadline within which Daley "must file proof that he has provided the Complaint, the motion for a preliminary injunction, the Court's December 24, 2025 Order, and this Order to Defendants" through January 22, 2026. (*Id*.)

Having received no response from Daley or Defendants, on January 28, 2026, the Court denied the motion for a preliminary injunction without prejudice for failure to provide proof of service and "reminded [Daley] of the March 23, 2026 deadline within which to effect service pursuant to Federal Rule of Civil Procedure 4(m)." (Elec. Order, Jan. 28, 2026 (citing Order, ECF No. 6).)

On March 19, 2026, Daley filed proof of service for four of the eight defendants: LaRocco, Pratt, the NCSD, and "Judge Joseph Patrick."[2] (ECF No. 7.) Each of the returns of service reflect that Daley himself mailed the summons to each of these Defendants on January 12, 2026 by certified mail, return receipt requested. Daley also filed the return postcard receipts. (*Id*. at 6.) To date, no proof of service has been filed with regard to Defendants Kanter, Young, Neko, and NFCU.

---

[2]  The Court understands that Daley intended to refer to Judge Joseph Patrick Whyte.

**DISCUSSION**

Under Federal Rule Civil Procedure 4, which governs the service of a summons and initial complaint, "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Rule 4(c)(1) requires that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). In addition, Rule 4 provides that an individual may be served pursuant to state law, by personal service, by leaving a copy of the summons and complaint at their usual place of abode with someone of suitable age and discretion who resides there, or by delivering a copy of the summons and complaint to an agent authorized to receive service of process. Fed. R. Civ. P. 4(e). As for serving a local government such as Nassau County, Rule 4(j)(2) requires that service be made by:

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by the state's law for serving a summons or like process on a defendant.

Fed. R. Civ. P. 4(j)(2)(A)–(B). The proofs of service reflect that LaRocco, Pratt, the NCSD, and Judge Whyte were purportedly served by Daley himself only by certified mail. (*See* ECF No. 7.) Moreover, the summonses do not reflect that a copy of the Complaint was served together with the summons. (*See id*.) Thus, service does not comport with the requirements of Rule 4.

Nevertheless, the Court has considered whether to extend the Rule 4(m) service deadline of March 23, 2026 and declines to do so for several reasons. First, the Complaint's allegations suggest that the *Rooker-Feldman* doctrine bars Daley's claims in this Court. Daley, a New York citizen, is challenging a Missouri state court judgment against him, which resulted in the seizure of $25,414 from his NFCU account located in New York. (ECF No. 1 at 1–4.) Under the *Rooker-*

4

*Feldman* doctrine, this Court lacks subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Second, absolute judicial immunity shields Judge Whyte from the damages claims set forth in the Complaint. *Bliven v. Hunt*, 579 F.3d 204, 209–210 (2d Cir. 2009) (recognizing that judicial immunity bars claims against a judge that challenge "acts arising out of, or related to, individual cases before the judge" that "are considered judicial in nature," even where there are "allegations of bad faith or malice"). Moreover, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Third, the NCSD has no independent identity such that it can be sued. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002). Fourth, although LaRocco is named in the caption, the Complaint does not include any allegations of conduct or inaction attributable to him, which thereby renders the claims against him implausible. *See*, *e.g.*, *Walker v. Dean*, No. 26-cv-6177-mav, 2026 WL 1045317, at *3 (W.D.N.Y. Apr. 17, 2026) ("To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command."). Indeed, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual

5

actions, has violated the Constitution.'" *Tangreti v. Bachman*, 983 F.3d 609, 618 (2d Cir. 2020) (cleaned up).

For all of these reasons, extending the deadline for service would contravene the requirement that this Court construe and apply the Federal Rules of Civil Procedure in a manner that "secure[s] the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Accordingly, given that the deadline for service expired on March 23, 2026, and having provided notice that dismissal without prejudice would result absent timely service in accordance with Rule 4's requirements (*see* Order, ECF No. 6), the Complaint is dismissed without prejudice pursuant to Rule 4(m) due to Daley's failure to serve any Defendants. The Clerk of the Court shall: (1) enter judgment accordingly; (2) mail a copy of this Order and judgment to Daley at his address of record; and (3) note such mailing on the docket.

Although Daley paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
      May 8, 2026

                                 */s/ Nusrat J. Choudhury*
                                NUSRAT J. CHOUDHURY
                                United States District Judge